NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
:
HUMBERTO GIMENEZ,                              :
:
    Plaintiff,                                      :
:        Civil No. 06-1848 (AET)
    v.                                                  :
:        **MEMORANDUM OPINION**
MORGAN STANLEY DW, INC.,                 :
:
    Defendant.                                    :
_____:

**THOMPSON, U.S.D.J.**

    This matter comes before the Court on Plaintiff pro se Humberto Gimenez's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, in this action against Defendant Morgan Stanley DW, Inc. ("MSDW"). For the following reasons, the Court will grant Gimenez's in forma pauperis application, but will dismiss his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**BACKGROUND**

    Plaintiff Humberto Gimenez is the sole owner of the Humberto Gimenez Corporation (the "Corporation"), a closely-held New Jersey corporation. According to Gimenez, the Corporation maintains a brokerage account with Defendant MSDW. Gimenez claims that, on March 9, 2004, he deposited $75 into the Corporation's account and placed an order to buy 500,000 shares of a stock in a company called "Apponline," at the market price of $0.001 per share on that account. Gimenez maintains that MSDW instead purchased 395,000 shares of Apponline at $0.04 per share, and then liquidated the contents of the Corporation's account to pay for the purchase, at a loss to the Corporation of $5,602.92.

Gimenez has brought actions rooted in these same facts against MSDW on at least four previous occasions.  On November 17, 2004, he filed a civil action against MSDW in New Jersey Superior Court, Essex County, docket number L-9293-04.  That action was dismissed on March 4, 2005.  Soon thereafter, on July 21, 2005, Gimenez applied to file a complaint in forma pauperis against MSDW in this Court, docket number 05-cv-3633 (MLC).  Judge Cooper granted his in forma pauperis application in an Opinion and Order dated August 26, 2005, but dismissed his complaint as frivolous, malicious, and for failure to state a claim on which relief may be granted.

Less than a month later, on September 23, 2005, Gimenez filed another in forma pauperis application and complaint against MSDW in this Court under docket number 05-cv-4623 (WJM), this time on behalf of the Corporation.  In an Order dated November 14, 2005, Judge Martini denied the Corporation's application for in forma pauperis status because, not being a natural person, it was ineligible to proceed in forma pauperis and was required to be represented by an attorney in all federal proceedings.  Judge Martini then dismissed the complaint without prejudice, and ordered that the case would be dismissed with prejudice if the Corporation failed to retain an attorney and properly file its complaint within forty days.  Gimenez chose not to retain an attorney on the Corporation's behalf and, pursuant to that Order, the case was dismissed with prejudice forty days later.

Gimenez decided to bring a fourth action against MSDW (accompanied by a third in forma pauperis application), which he filed on Februrary 15, 2006, under docket number 06-cv-0752 (SRC).  That action, the third brought by Gimenez in his own name, was dismissed as frivolous by Judge Chesler in an Opinion and Order dated March 15, 2006.  Barely a month later, on April 20, 2006, Gimenez filed the present complaint and application to proceed in forma

pauperis against MSDW, which the Court will now address.

## DISCUSSION

A.     Standard of Review

In evaluating Gimenez's in forma pauperis application and complaint, the Court follows the two-step analysis articulated in Roman v. Jeffes, 904 F.2d 192 (3d Cir. 1990). First, the Court must evaluate Gimenez's financial status and determine whether he is eligible to proceed in forma pauperis. See id. at 194 n.1. Based on Gimenez's affidavit of indigence, the Court finds that he is unable to pay the filing fee. Accordingly, the Court will grant Gimenez's application to proceed in forma pauperis and order the Clerk of the Court to file the complaint.

Second, the Court must review Gimenez's complaint to determine whether it should be dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. Id.; see 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In reviewing the complaint, the Court must be mindful to construe the complaint liberally in Gimenez's favor. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court will accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to Gimenez. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court will not, however, lend credit to any "bald assertions" or "legal conclusions" in the complaint. Id.

B.     Res Judicata

Res judicata precludes a party from litigating a claim that it could have raised, or did

raise, in a prior action involving the same parties and based on the same cause of action. Corestates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 191 (3d Cir. 1999). The dismissal of an in forma pauperis complaint under § 1915(e) has a res judicata effect on future in forma pauperis actions involving the same factual allegations. See Cieszkowska v. Gray Line New York, 295 F.3d 204, 206 (2d Cir. 2002) (citing Denton v. Hernandez, 504 U.S. 24, 34 (1992)); 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4439 (2005).

Gimenez's present complaint asserts the same cause of action, against the same sole defendant, as each of his four previous complaints. Indeed, a substantial portion of his complaint here appears to have been photocopied from the complaint in 06-cv-0752. The Court notes that Gimenez did not file an appeal from any of these prior dismissals. Instead, after each adverse decision, he filed a new case with the district court. A plaintiff's redress for decisions he disagrees with is by appeal, not by filing another complaint. See, e.g., D'Alessandro v. United States, Civ. Act. No. 04-137, 2005 U.S. Dist. LEXIS 7366, at *7 (D. Del. Apr. 27, 2005) (citing Guyer v. Kelly, Civ. Act. No. 90-6181, 1990 U.S. Dist. LEXIS 13829, at *3 (E.D. Pa. Oct. 15, 1990)). Under the doctrine of res judicata, the dismissal of Gimenez's prior complaints as frivolous, malicious, and for failure to state a claim bars the filing of the instant complaint.

## CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). An appropriate Order and Judgment accompanies this Opinion.

                                                          s/Anne E. Thompson
                                                          ANNE E. THOMPSON, U.S.D.J.

Dated: 5/9/06